THE STATE *v.* ALABAMA & VICKSBURG RAILWAY CO.

1. PENAL STATUTE. *Recovery upon.   Strict construction.*
    To authorize a recovery upon a statute highly penal in its character a construction rising above plausibility will be required.

2. RAILROADS. *Failure to erect depot.   Action for penalty.*   Acts 1884, p. 38 ; Acts 1888, p. 45.
    Under the act of March 14, 1888, amending the act of 1884, a railroad company cannot be subjected to the penalty of $50, a day named therein, for neglecting to comply with an order of the railroad commissioners to erect a new depot, where the order fails to "prescribe the number and dimensions of the rooms therein for passengers," as required by the statute.

FROM the circuit court of Scott county.

HON. A. G. MAYERS, Judge.

The opinion states the case.

*T. M. Miller,* attorney-general for the state.

In view of the recent decisions of this court and the supreme court of the United States it is unnecessary to cite authority in support of the constitutionality of the legislation in question.

Under the act of 1884, it was made the duty of the railroad commissioners to see that at least one suitable reception room for passengers is provided at each depot.   In addition to this, under the act of 1888, the board is authorized to designate the location of any new depot building, where the site selected by the railroad company is deemed inconvenient or inaccessible, and is empowered to prescribe the number and dimensions of the rooms therein for passengers, etc.   Under the act of 1884, the general duty and power remained to see that at least one suitable reception room was provided at each depot for the use of the traveling public.   The board in the order in this case was not bound to designate the dimensions.   The company must understand what is meant by a suitable reception room, and must comply with the requirements of the law or submit to the penalty.   It would be for the courts to determine in the last instance whether the new accommodations ordered were suitable.

It is admitted that penal statutes are to be construed strictly, but, as said by this court in *Pollard* v. *Phenix Ins. Co.*, 63 Miss. 244, this does not require that an unwarranted construction shall be applied, for, after all, the inquiry is what was the legislative intent.

The order in this case could not have been misunderstood by the railroad company. I submit that the allegations of the declaration were sufficient, and that the demurrer should have been overruled.

*W. L. Nugent*, for appellee.

The statute in question is excessively penal in its character. The legislature appeared to be apprehensive that railroad companies might be inclined at times to resist through the courts the enforcement of arbitrary orders of the railroad commission and struggled to cut off appeal to the courts. In the face of a penalty of $50 a day for non-compliance with the order in question, we appeal to this court, and insist upon a strict construction of the statute.

It is quite apparent that nowhere is the railroad commission given authority to require depots torn down for the erection of new ones. But the commission seems to have entertained the opinion that it was master of the situation and could order the company to erect new freight and passenger depots along the line, where the existing depots did not come up to its ideas of comfort and convenience, and were not, perhaps, sufficiently ornamental.

A sweeping order requiring the erection of a new freight and passenger depot, without any intimation as to the dimensions and character of the building, is impossible of execution. After its erection, the building might not suit the commission, and in a short time another order would be fulminated to tear it down and put up another. The act itself uses the words, "and to prescribe the number and dimensions of the rooms therein for passengers," etc.

In order to recover this penalty the declaration must show a full and strict compliance with all the provisions of the statute. All the facts must appear which are necessary to put the railroad company in default.

Whether the passenger accommodations at Lake station are

reasonable or not, is a purely *judicial* question to be settled by the courts.   There is no question in the case that requires an examination into the undefined police power of the state—a power often asserted to justify tyranny and sanction oppression.

Section 18 of the act of 1884, requires the commission to see that "at least one comfortable and suitable reception room is provided at each depot," and the failure after sixty days' notice, to provide such, subjects the company offending to a penalty of not less than $50.   But this penalty is not attached by the amendment to a failure to *build a new depot* or to make alterations to an existing one.   The power given by the act of 1888, is new, distinct and independent; it is not an amendment of the original act, and cannot be interpreted into it.   Therefore, the suit ought to have been dismissed on this ground.

(Counsel filed an elaborate brief, attacking the constitutionality of the statute, but, in view of the decision of the court, this part of the argument is omitted.)

Argued orally by *T. M. Miller*, attorney-general, for the state, and *W. L. Nugent*, for the appellee.

WOODS, C. J., delivered the opinion of the court.

This suit was brought for the recovery of the statutory penalty of fifty dollars a day, prescribed in the act of March 11, 1884, and the amendatory act of March 14, 1888, "for the regulation of freight and passenger rates on railroads, and for the creation of a commission to supervise the same, and for other purposes," by reason of the neglect of the appellee to erect a new freight and passenger depot at Lake station, within ninety days from the 4th day of June, 1889, in pursuance of an order to that effect made by the railroad commission on the day named.   To the declaration the defendant corporation demurred, alleging among other grounds, that the order of the commission directed a new depot built, but failed to prescribe the number and dimensions of the rooms therein for passengers, as prescribed in the 2d section of the amendatory act.   This demurrer was sustained by the court below, and the state prosecutes this appeal from that judgment.

By section 2, chapter 26, of the laws of Mississippi, passed at the session of 1888, it is declared that in addition to the power and duties conferred by the former act of March 11, 1884, the railroad commissioners are " authorized to designate the site or location of any new depot building or station-house that may be ordered built, in cases where the site selected by the railroad company required to erect the same is deemed inconvenient or inaccessible : *provided,* that said depot shall be located on the line of such railroad, and having in view the interest of the public and the railroad company, and to prescribe the number and dimensions of the rooms therein for passengers, designating and providing, if deemed proper, separate rooms for the sexes and for the races, etc.

This is not a case where the railroad commission is authorized, under the original act, to " see that at least one comfortable and suitable reception room is provided at each depot for the use of persons desiring and awaiting transportation." Neither is it the case provided for in the amendatory act under that provision which gives the commissioners " authority to require such additions or alterations in passenger depots, or station-houses, as may be necessary in their judgment to secure ample, comfortable, and suitable accommodations for all passengers." That there is much plausibility in the suggestion that a new depot might, in effect, be ordered built by a direction to erect one or more comfortable and suitable reception rooms, and to make certain additions and alterations to Lake station-house, may be granted. But, as the statute we are considering is highly penal in its character, it will require a construction of the law which will rise above the region of plausibility to meet the requirements of the case. Plainly, this was an order for the erection of a *new* depot building. Not to put the railroad company at perilous disadvantage,—the costly disadvantage, it might turn out, of erecting a new depot which the commissioners might deem not suitable and comfortable,—the statute makes it the duty of the commissioners to prescribe the number and dimensions of the rooms therein for passengers, leaving it optional with the commissioners to order separate rooms for sexes and races. The obvious and reasonable construction of the statute shuts us up to

the conclusion that before the railroad company can be required to erect a *new depot* or station-house (not to see that a suitable reception room is provided, nor to have additions or alterations in existing depots made), the railroad commissioners shall "prescribe the number and dimensions of the rooms therein for passengers, designating and providing, if deemed proper, separate rooms for the races and sexes."

The order of the commissioners wholly failed to comply with this plain, just and reasonable requirement; and the demurrer was to this extent, therefore, well taken.

*Affirmed.*